IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEAN PANTALEO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 08 CV 6419 |
| | ) | |
| OFFICER LOUIS HAYES, JR., individually and | ) | Judge Lefkow |
| in his official capacity as a police officer for the | ) | |
| Village of Hinsdale, OFFICER ANTHONY | ) | |
| MARAVIGLIA, individually and in his official | ) | |
| Capacity as a police officer for the Village of | ) | |
| Hinsdale, VILLAGE OF HINSDALE, a municipal | ) | |
| Corporation and ROBERT GRONER, SECURITY | ) | |
| GUARD SANCHEZ, NURSE PITTS, and DR. | ) | |
| MARTINEZ, individually and as employees of | ) | |
| ADVENTIST HINSDALE HOSPITAL and | ) | |
| ADVENTIST HINSDALE HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ADVENTIST HINSDALE HOSPITAL'S
MOTION FOR JUDGMENT AS A MATTER OF LAW
WITH RESPECT TO PLAINTIFF'S CLAIMS OF VICARIOUS
LIABILITY FOR DR. MARTINEZ'S ALLEGED CONDUCT**

NOW COMES Defendant Adventist Hinsdale Hospital, by and through its attorneys, Barker & Castro, LLC., and hereby move this Honorable Court to enter Judgment as a Matter of Law in its favor and against Plaintiff with respect to any claim that Adventist Hinsdale Hospital may be held liable for the conduct of Dr. Martinez. In support thereof, Defendant states as follows:

1. Plaintiff's First Amended Complaint is a five Count pleading which wages allegations against these Defendants and others. See *"Plaintiff's First Amended Complaint,"* attached hereto as <u>Exhibit A</u>. In identifying the parties, Plaintiff alleged that Dr. Martinez was an employee of Adventist Hinsdale Hospital. *Id.* paragraph 9.

2. Federal Rule of Procedure 50 states:

"(a) Judgment as a Matter of Law.
    (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
        (A) resolve the issue against the party; and

1

(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
   (2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment."
   *USCS Fed Rules Civ Proc R 50*.

3.     Under Rule 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Fed. Rule Civ. Proc. 50(a)*; see also *Weisgram v. Marley Co.*, 528 U.S. 440, 120 S. Ct. 1011, 1018, 145 L. Ed. 2d 958 (2000) (slip op., at 5-7); *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 149 (U.S. 2000).

4.     During the course of discovery, it was clearly established that Dr. Martinez was not an employee of Adventist Hinsdale Hospital at any relevant time. There has never been any evidence elicited, at any time, that Dr. Martinez was an employee of Adventist Hinsdale Hospital. Thus, Plaintiff's attempt to hold Adventist Hinsdale Hospital liable for any conduct of Dr. Martinez under an employment theory fails as a matter of law. This issue was the subject of "*Defendants' Motion in Limine #7.*" The Court reserved ruling on Defendants' Motion, stating that Defendants were permitted to elicit testimony regarding Dr. Martinez's employment status, and that the question of whether Adventist Hinsdale Hospital could be held vicariously liable for the acts of Dr. Martinez is a question of law. See *Document #357*.

5.     Defendant Carlos Martinez, M.D. has now testified and confirmed that he was employed by Emergency Healthcare Physicians, Ltd. during all relevant times. There is no evidence of any kind to contradict this simple fact. The Court must now grant Judgment as a Matter of Law on Plaintiff's claims that Adventist Hinsdale Hospital may be liable for the conduct of Dr. Martinez.

6.     Plaintiff has been fully heard on the issue of whether Dr. Martinez was an employee of Adventist Hinsdale Hospital. The only evidence in this case affirmatively establishes that Dr. Martinez was not an employee of Adventist Hinsdale Hospital. There is no evidentiary basis that would permit the jury to find that Adventist Hinsdale Hospital is vicariously liable for the conduct of Dr. Martinez. Judgment as a Matter of Law must be entered.

   WHEREFORE Defendant Adventist Hinsdale Hospital requests that this Honorable Court enter Judgment as a Matter of Law in its favor and against Plaintiff with respect to Plaintiff's claims that Adventist Hinsdale Hospital may be found to be liable for the actions and/or omissions of Dr. Martinez, and for such other relief as this Court deems just.


Respectfully submitted,


 /s/ Steven C. Steinback                                   /s/ Christopher S. Reeder
Steven Steinback                                           Christopher Reeder

Attorneys for Defendant
Adventist Hinsdale Hospital


Steven C. Steinback
Christopher S. Reeder
BARKER & CASTRO, LLC
115 South LaSalle Street
Suite 2900
Chicago, IL 60603
(312) 855-9300