IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEAN PANTALEO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 08 CV 6419 |
| | ) | |
| OFFICER LOUIS HAYES, JR., individually and | ) | Judge Lefkow |
| in his official capacity as a police officer for the | ) | |
| Village of Hinsdale, OFFICER ANTHONY | ) | |
| MARAVIGLIA, individually and in his official | ) | |
| Capacity as a police officer for the Village of | ) | |
| Hinsdale, VILLAGE OF HINSDALE, a municipal | ) | |
| Corporation and ROBERT GRONER, SECURITY | ) | |
| GUARD SANCHEZ, NURSE PITTS, and DR. | ) | |
| MARTINEZ, individually and as employees of | ) | |
| ADVENTIST HINSDALE HOSPITAL and | ) | |
| ADVENTIST HINSDALE HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ROBERT GRONER AND WILLIAM SANCHEZ'S
MOTION FOR JUDGMENT AS A MATTER OF LAW WITH RESPECT
TO PLAINTIFF'S ASSAULT & BATTERY CLAIMS**

NOW COME Defendants Security Guard Robert Groner and Security Guard William Sanchez, by and through their attorneys, Barker & Castro, LLC., and hereby move this Honorable Court to enter Judgment as a Matter of Law in their favor and against Plaintiff. In support thereof, Defendants state as follows:

**Background**

Plaintiff's First Amended Complaint is a five Count pleading which wages allegations against these Defendants and others. See *"Plaintiff's First Amended Complaint,"* attached hereto as <u>Exhibit A</u>. The allegations waged by Plaintiff are as follows:

Count I wages allegations against Defendants Officer Maravigilia, Officer Hayes, and the Village of Hinsdale for False Arrest, and is not applicable to these Defendants.

Count II wages allegations against all Defendants for Excessive Force pursuant to § 1983.

Count III wages allegations against Defendants Officer Maravigilia, Officer Hayes, and the Village of Hinsdale for Unlawful Prosecution, and is not applicable to these Defendants.

1

Count IV wages allegations against all Defendants for the state law torts of Assault and Battery. Plaintiff's First Amended Complaint alleges that Defendants' are liable as they restrained Plaintiff and administered medications to Plaintiff against his will. See Exhibit A, Paragraph 72. Count IV was one of the subjects of Defendants' Motion for Summary Judgment. Defendants' Motion was granted in part, and denied in part. See *Document #292*. Specifically, Defendants' Motion was granted with respect to Plaintiff's claims that Defendants are liable to him for the state law torts of assault and battery as a result of the administration of four-point restraints. See *Document #292*, Page 40.

Count V wages allegations against all Defendants for Intentional Infliction of Emotional Distress. Count V was one of the subjects of Defendants' Motion for Summary Judgment. Defendants' Motion for Summary Judgment on Count V was granted by the Court on September 20, 2013. See *Document #292*, Page 40.

Thus, the allegations waged against these Defendants that are the subject of this trial are found in Counts II and IV, only, and Plaintiff's allegations are further limited based upon the Court's granting of Defendants' Motion for Summary Judgment, in part.

## Standards and Applicable Law

Federal Rule of Procedure 50 states:

"(a) Judgment as a Matter of Law.
 (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
 (A) resolve the issue against the party; and
 (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
 (2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment."
*USCS Fed Rules Civ Proc R 50*.

Under Rule 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Fed. Rule Civ. Proc. 50(a)*; see also *Weisgram v. Marley Co.*, 528 U.S. 440, 120 S. Ct. 1011, 1018, 145 L. Ed. 2d 958 (2000) (slip op., at 5-7). *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 149 (U.S. 2000).

## Argument

There is no evidence that Security Guard William Sanchez or Security Guard Robert Groner assaulted or battered Plaintiff. Plaintiff, Security Guard Sanchez and Security Guard Groner have now testified. Plaintiff has been fully heard on the issue of his claims of assault and battery against Security Guard Sanchez and Security Guard Groner. The uncontradicted evidence in this case is that neither Security Guard Sanchez nor Security Guard Robert Groner threatened or touched Plaintiff at any time. To the contrary, the undisputed evidence is that the Security Guards helped Plaintiff. No reasonable jury could find that there is a legally sufficient evidentiary basis to find that Security Guard Sanchez assaulted or battered Plaintiff. No reasonable jury could find that there is a legally sufficient evidentiary basis to find that Security Guard Groner assaulted or battered Plaintiff. Judgment as a Matter of Law must be entered in favor of Defendants.

I. <u>Defendants did not batter Plaintiff</u>.

The uncontradicted evidence in this case is that neither Security Guard Groner, nor Security Guard Sanchez, committed a battery upon Plaintiff.

In order to maintain a claim for civil battery against any Defendant under state law, Plaintiff has the burden of proving the following propositions:

First, that the Defendant had the intent to cause a harmful or offensive contact with Plaintiff;

Second, that the Defendant actually made unauthorized physical contact with Plaintiff that was harmful or offensive;

Third, that Plaintiff was injured; and

Fourth, that the actions of the Defendant caused the injury to Plaintiff.

- *720 ILCS 5/12-3(a); IPI 43.30.*

Security Guard Sanchez testified definitively that he did not touch Plaintiff at any time. Plaintiff did not offer any testimony to the contrary. Viewed in terms of the applicable jury instruction, Plaintiff has failed to elicit any evidence to support three of the four required elements:

1) there is no evidence that Security Guard Sanchez ever intended to cause harmful or offensive contact with Plaintiff;
2) there is no evidence that Security Guard Sanchez made unauthorized physical contact with Plaintiff; and,
3) there is no evidence that Plaintiff was injured as a result of any action by Security Guard Sanchez.

As above, the evidence in this case affirmatively establishes that Security Guard Sanchez did not batter Plaintiff.

Similarly, Security Guard Groner testified definitively that he did not touch Plaintiff at any time, other than to assist him. Plaintiff did not offer any testimony to the contrary.

Viewed in terms of the applicable jury instruction, Plaintiff has failed to elicit any evidence to support three of the four required elements:

1) there is no evidence that Security Guard Groner ever intended to cause harmful or offensive contact with Plaintiff;
2) there is no evidence that Security Guard Groner made unauthorized physical contact with Plaintiff; and,
3) there is no evidence that Plaintiff was injured as a result of any action by Security Guard Groner.

Again, the evidence in this case affirmatively establishes that Security Guard Groner did not batter Plaintiff.

Judgment as a Matter of Law should be granted for Defendants on Count IV of Plaintiff's First Amended Complaint with respect to Plaintiff's claims that Defendants battered Plaintiff.

II.     <u>Defendants did not assault Plaintiff</u>.

The uncontradicted evidence in this case is that neither Security Guard Groner, nor Security Guard Sanchez, assaulted Plaintiff. In Illinois, assault is defined as "conduct which places another in reasonable apprehension of receiving a battery." 720 ILCS 5/12-1 (West 2006).

Security Guard Sanchez testified definitively that he did not threaten Plaintiff at any time. Plaintiff did not offer any testimony to the contrary. Security Guard Groner testified definitively that he did not threaten Plaintiff at any time. Plaintiff did not offer any testimony to the contrary.

As above, the evidence in this case affirmatively establishes that Security Guard Groner and Security Guard Sanchez did not assault Plaintiff. Judgment as a Matter of Law should be granted for Defendants on Count IV of Plaintiff's First Amended Complaint with respect to Plaintiff's claims that Defendants assaulted Plaintiff.

WHEREFORE Defendants Security Guard Groner and Security Guard Sanchez request that this Honorable Court enter Judgment as a Matter of Law in their favor and against Plaintiff on Count IV of Plaintiff's First Amended Complaint, and for such other relief as this Court deems just.


Respectfully submitted,


  /s/ Steven C. Steinback                    /s/ Christopher S. Reeder
Steven Steinback                             Christopher Reeder

Attorneys for Defendants
Security Guard Robert Groner,
Security Guard William Sanchez,
and Adventist Hinsdale Hospital


 Steven C. Steinback
Christopher S. Reeder
BARKER & CASTRO, LLC
115 South LaSalle Street
Suite 2900
Chicago, IL  60603
(312) 855-9300