# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEAN PANTALEO, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 08 CV 6419 |
| ) | |
| OFFICER LOUIS HAYES, JR., individually and ) | Judge Lefkow |
| in his official capacity as a police officer for the ) | |
| Village of Hinsdale, OFFICER ANTHONY ) | |
| MARAVIGLIA, individually and in his official ) | |
| Capacity as a police officer for the Village of ) | |
| Hinsdale, VILLAGE OF HINSDALE, a municipal ) | |
| Corporation and ROBERT GRONER, SECURITY ) | |
| GUARD SANCHEZ, NURSE PITTS, and DR. ) | |
| MARTINEZ, individually and as employees of ) | |
| ADVENTIST HINSDALE HOSPITAL and ) | |
| ADVENTIST HINSDALE HOSPITAL, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS WILLIAM SANCHEZ, ROBERT GRONER AND ADVENTIST HINSDALE HOSPITAL'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S EXCESSIVE FORCE CLAIM

NOW COME Defendants William Sanchez, Robert Groner and Adventist Hinsdale Hospital, by and through their attorneys, Barker & Castro, LLC., and hereby move this Honorable Court to enter Judgment as a Matter of Law in their favor and against Plaintiff on Count II of Plaintiff's 1st Amended Complaint. In support thereof, Defendants state as follows:

### Background

Plaintiff's First Amended Complaint is a five Count pleading which wages allegations against these Defendants and others. See *"Plaintiff's First Amended Complaint,"* attached hereto as Exhibit A. The allegations waged by Plaintiff are as follows:

Count I wages allegations against Defendants Officer Maravigilia, Officer Hayes, and the Village of Hinsdale for False Arrest, and is not applicable to these Defendants.

Count II wages allegations against all Defendants for Excessive Force pursuant to § 1983.

Count III wages allegations against Defendants Officer Maravigilia, Officer Hayes, and the Village of Hinsdale for Unlawful Prosecution, and is not applicable to these Defendants.

Count IV wages allegations against all Defendants for the state law torts of Assault and Battery. Plaintiff's First Amended Complaint alleges that Defendants are liable as they restrained Plaintiff and administered medications to Plaintiff against his will. See Exhibit A, Paragraph 72. Count IV was one of the subjects of Defendants' Motion for Summary Judgment. Defendants' Motion was granted in part, and denied in part. See *Document #292*. Specifically, Defendants' Motion was granted with respect to Plaintiff's claims that Defendants are liable to him for the state law torts of assault and battery as a result of the administration of four-point restraints. See *Document #292*, Page 40.

Count V wages allegations against all Defendants for Intentional Infliction of Emotional Distress. Count V was one of the subjects of Defendants' Motion for Summary Judgment. Defendants' Motion for Summary Judgment on Count V was granted by the Court on September 20, 2013. See *Document #292*, Page 40.

Thus, the allegations waged against these Defendants that are the subject of this trial are found in Counts II and IV, only, and Plaintiff's allegations are further limited based upon the Court's granting of Defendants' Motion for Summary Judgment, in part.

## **Standards and Applicable Law**

Federal Rule of Procedure 50 states:

"(a) Judgment as a Matter of Law.
   (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
      (A) resolve the issue against the party; and
      (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
   (2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment."
   *USCS Fed Rules Civ Proc R 50.*

Under Rule 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Fed. Rule Civ. Proc. 50(a)*; see also *Weisgram v. Marley Co.*, 528 U.S. 440, 120 S. Ct. 1011, 1018, 145 L. Ed. 2d 958 (2000) (slip op., at 5-7).

## Argument

To establish § 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and a private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participant[s] in joint activity with the State or it agents." *Hopkins v. City of Springfield*, 2014 U.S. Dist. LEXIS 90345, 15-16 (C.D. Ill. July 2, 2014), citing *Cooney v. Casady*, 735 F.3d 514, 518 (7th Cir. 2013). A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act or to commit a lawful act by unlawful means, the principle element of which is an agreement between the parties to inflict a wrong against or injury upon another. *Cooney v. Casady,* 735 F.3d 514, 519 (7th Dist. 2013); citing *Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir. 1975).

### A. Security Guard Sanchez and Security Guard Groner did not enter into a conspiracy with any state actor, as a matter of law.

As stated in *Hopkins*, cited above, in order to prove a claim for conspiracy, Plaintiff is required to establish that a private actor reached an understanding with a state actor to deprive the plaintiff of a constitutional right. The minimum ingredient of a conspiracy is an agreement to commit some future unlawful act in pursuit of a joint objective. *Redwood v. Dobson*, 476 F.3d 462, 466 (7th Cir. Ill. 2007), citing *United States v. Lechuga*, 994 F.2d 346 (7th Cir. 1993) (en banc).

Officer Hayes, Officer Maravigilia, Security Guard Sanchez and Security Guard Groner have each testified. The testimony has been consistent and clear. When the Hinsdale Police Officers arrived, Mr. Groner spoke to Officer Hayes and advised him of the events that occurred that morning. With the conclusion of that conversation, neither of the security guards had any further involvement in the at-issue events.

The evidence is uncontradicted that Officer Hayes and Maravigilia spoke together, and by themselves, regarding potentially needing to use a taser if the situation became dangerous. The evidence is uncontradicted that Officer Hayes unilaterally made a decision to tase Plaintiff. There is no evidence that Security Guard Groner or Security Guard Sanchez was ever involved in any discussion to tase Plaintiff. There is no evidence that Security Guard Groner or Security Guard Sanchez was aware that Officer Hayes spoke to Officer Hayes or any other individual regarding any plan.

The evidence is uncontradicted that Officer Hayes engaged Dr. Martinez in a conversation regarding Plaintiff's status in the hospital. There is no evidence that Security Guard Groner and/or Security Guard Sanchez participated in this conversation. There is no evidence that Security Guard Groner and/or Security Guard Sanchez played any part of developing any plan.

Although Dr. Martinez is not a state actor, and his decisions are arguably not relevant to this analysis, the evidence in uncontradicted that Dr. Martinez made the decision to order

medication for Plaintiff, unilaterally, in his role as an attending Emergency Department physician. Dr. Martinez did not consult with any security guard regarding this order. Nurse Pitts carried out Dr. Martinez's order. Nurse Pitts is also not a state actor. Nonetheless, there is no evidence that Nurse Pitts consulted with any security guard regarding any plan.

Plaintiff bears the burden of proving that Security Guard Groner and/or Security Guard Sanchez reached an understanding with a state actor to deprive Plaintiff of a constitutional right. There is no evidence in this case that either security guard ever reached any understanding of any kind with any state actor. The evidence in this case affirmatively establishes that neither Security Guard was involved in the decision making process(es) relevant to Plaintiff's actions. There is no legally sufficient evidentiary basis upon which any reasonable jury could determine that Security Guard Groner or Security Guard Sanchez entered into a conspiracy with a state actor. Judgment must be granted in favor of Security Guard Groner and Security Guard Sanchez as a matter of law.

**B.     Security Guard Sanchez and Security Guard Groner did not commit any act in furtherance of any agreement to deprive Plaintiff of a constitutional right.**

A cause of action for conspiracy exists only if one of the parties to the agreement commits some act in furtherance of the agreement, which is itself a tort. Thus, the gist of a conspiracy claim is not the agreement itself, but the tortious acts performed in furtherance of the agreement. *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 63 (Ill. 1994), citing W. Prosser, Torts § 46, at 293 (4th ed. 1971), *Lasher v. Littell* (1903), 202 Ill. 551, 67 N.E. 372, and *Illinois Traffic Court Driver Improvement Educational Foundation v. Peoria Journal Star, Inc.* (1986), 144 Ill. App. 3d 555, 98 Ill. Dec. 817, 494 N.E.2d 939).

There is no evidence in this case of any kind that any security guard performed any act in furtherance of any alleged agreement. The testimony has established that the security guards relevant involvement in the at-issue events was limited to one conversation with Officer Hayes, which was entirely a historical account of events.

Officer Hayes ultimately tased Plaintiff. There is no evidence that any security guard performed any action to assist in Plaintiff's tasing. Dr. Martinez and Nurse Pitts are, again, not state actors, and their actions are not relevant to this analysis. Nonetheless, both Plaintiff and Nurse Pitts have testified that, after he was tased, Officer Maravigilia placed him in handcuffs and Nurse Pitts administered Geodon. There is no evidence that any security guard assisted in this action in any way.

Plaintiff bears the burden of proving that Security Guard Groner and/or Security Guard Sanchez committed some tortious act in furtherance of any alleged conspiracy. There is no evidence in this case that either security guard ever committed any act in furtherance of a tortious plan. The evidence in this case affirmatively establishes that neither Security Guard took any action against Plaintiff. There is no legally sufficient evidentiary basis upon which any reasonable jury could determine that Security Guard Groner or Security Guard Sanchez performed any action to further any alleged conspiracy. Judgment must be granted in favor of Security Guard Groner and Security Guard Sanchez as a matter of law.

C.   **Neither Security Guard Sanchez, nor Security Guard Groner, had the required intent in order to be held liable under a theory of conspiracy.**

As stated in *Cooney*, the principle element of a conspiracy is an agreement <u>to inflict a wrong or injury upon another</u>.  There is no evidence in this case that either Security Guard Sanchez or Security Guard Groner had any intent to inflict any wrong upon Plaintiff.

> [Civil conspiracy is an intentional tort and it "requires proof that a defendant 'knowingly and voluntarily participate[d] in a common scheme to commit an unlawful act or a lawful act in an unlawful manner.'" *McClure*, 188 Ill. 2d at 133, 241 Ill. Dec. 787, 720 N.E.2d 242 (quoting *Adcock*, 164 Ill. 2d at 62, 206 Ill. Dec. 636, 645 N.E.2d 888). "[A] defendant who innocently performs an act which happens to fortuitously further the tortious purpose of another is not liable under the theory of civil conspiracy." *Adcock*, 164 Ill. 2d at 54 206 Ill. Dec. 636, 645 N.E.2d 888. "Accidental, inadvertent, or negligent participation in a common scheme does not amount to conspiracy[,]" nor does a defendant's "[m]ere knowledge of the fraudulent or illegal actions of another." McClure, 188 Ill. 2d at133-34, 241 Ill. Dec. 787, 720 N.E.2d 242 (citations omitted).]
> - *Wojcik v. InterArch, Inc.*, 2013 U.S. Dist. LEXIS 157853 (N.D. Ill. Nov. 4, 2013).

As *Wojcik* makes clear, the *mens rea* required for liability to be found under a claim of conspiracy is one of intent.

It is undisputed that the security guards were not even aware of the potential for Plaintiff to be tased.  Thus, it is impossible for either security guard to have possessed the requisite intent to be liable for the tasing of Plaintiff.

It is Defendants' position that Dr. Martinez and Nurse Pitts are not state actors, and that, therefore, no Defendant may be held liable for any decision made regarding the administration of Geodon.  However, even assuming, arguendo, that the administration of Geodon forms a basis of Plaintiff's conspiracy claims, Plaintiff's claims fail as a matter of law.

The decision to administer medication against a Plaintiff's will is not inherently a "wrong" against a patient in an emergency situation.  405 ILCS 5/2-107.  An agreement to do that which is legal is not a conspiracy.  *Hudson v. S.D. Warren Co.*, 665 F. Supp. 937, 941 (D. Me. 1987).  Therefore, if the administration of medication was appropriate, there can be no conspiracy.  Plaintiff, of course, contends that the decision to medicate Plaintiff was not appropriate.

However, the law establishing the elements of conspiracy does not require that the administration of medication be appropriate.  As quoted in *Wojcik* above, accidental, inadvertent, or negligent participation in a common scheme does not amount to conspiracy.  There is no such thing as negligent conspiracy.

5

It is undisputed that Security Guard Groner and Security Guard Sanchez did not play any role in making the decision to administer Geodon to Plaintiff. Dr. Martinez evaluated Plaintiff and determined that Plaintiff was an imminent risk of causing serious harm to himself and others. Nurse Pitts carried out Dr. Martinez's order.

Although there is no evidence of in this case to support such a finding, hypothetically, it would not be enough even for Dr. Martinez's decision to have been incorrect, as there is no such thing as an accidental or negligent conspiracy. Conspiracy must be intentional. In order for Defendants to be held liable under a theory of conspiracy, Plaintiff must prove that Defendants knew Dr. Martinez's decision to administer Geodon to Plaintiff was made with the intent to violate Plaintiff's constitutional rights. There is no evidence in this case to support such a finding.

Plaintiff bears the burden of proving that Security Guard Groner and/or Security Guard Sanchez intended to participate in a conspiracy to violate Plaintiff's civil rights. The evidence in this case affirmatively establishes that neither security guard ever intended to violate Plaintiff's civil rights. There is no legally sufficient evidentiary basis upon which any reasonable jury could determine that Security Guard Groner or Security Guard Sanchez intended to embark on a conspiracy to violate Plaintiff's civil rights. Judgment must be granted in favor of Security Guard Groner and Security Guard Sanchez as a matter of law.

## Conclusion

In sum, Plaintiff has failed to prove that: 1) either Security Guard Groner or Security Guard Sanchez reached any agreement with any state actor; 2) either Security Guard Groner or Security Guard Sanchez took any action to further any conspiracy; and 3) either Security Guard Groner or Security Guard Sanchez intended to violate Plaintiff's constitutional rights. Plaintiff must prove each of these claims. No reasonable jury could determine that Plaintiff has proved any of the three specified elements. Judgment must be granted in favor of Security Guard Groner and Security Guard Sanchez on Count II of Plaintiff's First Amended Complaint as a matter of law.

WHEREFORE Defendants Security Guard Groner, Security Guard Sanchez, and Adventist Hinsdale Hospital request that this Honorable Court enter Judgment as a Matter of Law in their favor and against Plaintiff on Count II of Plaintiff's First Amended Complaint, and for such other relief as this Court deems just.

Respectfully submitted,

 /s/ Steven C. Steinback                             /s/ Christopher S. Reeder
Steven Steinback                                    Christopher Reeder

Attorneys for Defendants
Nurse Melissa Pitts and Adventist Hinsdale Hospital


Steven C. Steinback
Christopher S. Reeder
BARKER & CASTRO, LLC
115 South LaSalle Street
Suite 2900
Chicago, IL  60603
(312) 855-9300