**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DEAN PANTALEO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 08 CV 6419 |
| | ) | |
| OFFICER LOUIS HAYES, JR., individually and | ) | Judge Lefkow |
| in his official capacity as a police officer for the | ) | |
| Village of Hinsdale, OFFICER ANTHONY | ) | |
| MARAVIGLIA, individually and in his official | ) | |
| Capacity as a police officer for the Village of | ) | |
| Hinsdale, VILLAGE OF HINSDALE, a municipal | ) | |
| Corporation and ROBERT GRONER, SECURITY | ) | |
| GUARD SANCHEZ, NURSE PITTS, and DR. | ) | |
| MARTINEZ, individually and as employees of | ) | |
| ADVENTIST HINSDALE HOSPITAL and | ) | |
| ADVENTIST HINSDALE HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS NURSE MELISSA PITTS AND ADVENTIST HINSDALE
HOSPITAL'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON
PLAINTIFF'S ASSAULT AND BATTERY CLAIMS**

NOW COME Defendants Nurse Melissa Pitts and Adventist Hinsdale Hospital, by and through their attorneys, Barker & Castro, LLC., and hereby move this Honorable Court to enter Judgment as a Matter of Law in their favor and against Plaintiff on Count IV of Plaintiff's 1st Amended Complaint. In support thereof, Defendants state as follows:

**Background**

Plaintiff's First Amended Complaint is a five Count pleading which wages allegations against these Defendants and others. See *"Plaintiff's First Amended Complaint,"* attached hereto as Exhibit A. The allegations waged by Plaintiff are as follows:

Count I wages allegations against Defendants Officer Maravigilia, Officer Hayes, and the Village of Hinsdale for False Arrest, and is not applicable to these Defendants.

Count II wages allegations against all Defendants for Excessive Force pursuant to § 1983.

Count III wages allegations against Defendants Officer Maravigilia, Officer Hayes, and the Village of Hinsdale for Unlawful Prosecution, and is not applicable to these Defendants.

1

Count IV wages allegations against all Defendants for the state law torts of Assault and Battery. Plaintiff's First Amended Complaint alleges that Defendants are liable as they restrained Plaintiff and administered medications to Plaintiff against his will. See Exhibit A, Paragraph 72. Count IV was one of the subjects of Defendants' Motion for Summary Judgment. Defendants' Motion was granted in part, and denied in part. See *Document #292*. Specifically, Defendants' Motion was granted with respect to Plaintiff's claims that Defendants are liable to him for the state law torts of assault and battery as a result of the administration of four-point restraints. See *Document #292*, Page 40.

Count V wages allegations against all Defendants for Intentional Infliction of Emotional Distress. Count V was one of the subjects of Defendants' Motion for Summary Judgment. Defendants' Motion for Summary Judgment on Count V was granted by the Court on September 20, 2013. See *Document #292*, Page 40.

Thus, the allegations waged against these Defendants that are the subject of this trial are found in Counts II and IV, only, and Plaintiff's allegations are further limited based upon the Court's granting of Defendants' Motion for Summary Judgment, in part.

In Answer to Plaintiff's "First Amended Complaint," Defendants Melissa Pitts and Adventist Hinsdale Hospital denied Plaintiff's allegations and filed Affirmative Defenses, including: 1) the Affirmative Defense of Consent; and 2) the Affirmative Defense that Nurse Pitts' actions were authorized pursuant to the Illinois Mental Health and Developmental Disabilities Code (hereinafter the "Code"). See Defendants' *"Answer and Affirmative Defenses,"* attached hereto as Exhibit B. Plaintiff has never filed any response to Defendants' Affirmative Defenses. Plaintiff has never filed any response to Defendants' Affirmative Defense denying that he consented to the administration of Geodon by Nurse Pitts. Plaintiff has never filed any response to Defendants' Affirmative Defense denying that Nurse Pitts' actions were authorized by the Code.

## Standards and Applicable Law

Federal Rule of Procedure 50 states:

"(a) Judgment as a Matter of Law.
   (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
       (A) resolve the issue against the party; and
       (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
   (2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment."
       *USCS Fed Rules Civ Proc R 50.*

Under Rule 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Fed. Rule Civ. Proc. 50(a)*; see also *Weisgram v. Marley Co.*, 528 U.S. 440, 120 S. Ct. 1011, 1018, 145 L. Ed. 2d 958 (2000) (slip op., at 5-7).

## Argument

I.      Nurse Pitts' administration of Geodon was appropriate.

As stated in the Illinois Pattern Jury Instructions:

"In order to maintain a claim for civil battery against any Defendant under state law, Plaintiff has the burden of proving the following propositions:

First, that the Defendant had the intent to cause a harmful or offensive contact with Plaintiff;

Second, that the Defendant actually made unauthorized physical contact with Plaintiff that was harmful or offensive;

Third, that Plaintiff was injured; and

Fourth, that the actions of the Defendant caused the injury to Plaintiff."

- *720 ILCS 5/12-3(a); IPI 43.30.*

Plaintiff has failed to elicit any evidence to support the second and third propositions. Therefore no reasonable jury could find that there is a legally sufficient evidentiary basis upon which to find Nurse Pitts liable for the commission of a civil battery. Judgment should be entered in favor of Nurse Pitts and Adventist Hinsdale Hospital as a matter of law.

**A.      Nurse Pitts' administration of Geodon was authorized.**

With respect to the second element found in the jury instruction, the only evidence in this case has affirmatively established that Nurse Pitts' administration of Geodon to Plaintiff was authorized. Illinois law provides that a patient may be administered medication, despite the patient's refusal, when the medication is necessary to prevent the recipient from causing serious and imminent physical harm to the recipient or others and no less restrictive alternative is available. 405 ILCS 5/2-107(a).

Dr. Martinez, a Board Certified Emergency Department physician, has testified that he ordered Nurse Pitts to administer Geodon to Plaintiff because Plaintiff posed an imminent threat of doing harm to himself, and no less restrictive alternative was available. Dr. Martinez's Emergency Medicine expert, Dr. Ortinau, has similarly testified that Plaintiff posed an imminent risk of harming himself, and that Dr. Martinez's decision was the least restrictive alternative. Plaintiff's own expert did not dispute that Plaintiff posed a threat to harm himself and/or others on November 11, 2007.

3

The only person who has testified that Plaintiff did not pose an imminent threat of serious harm to himself or others during the morning of November 11, 2007, is Plaintiff himself. Plaintiff is not qualified to testify regarding his own medical condition, and Plaintiff's testimony is not sufficient to rebut the testimony of Dr. Martinez, as a matter of law. *Walker v. Shansky,* 28 F.3d 666, 672 (7th Cir. 1994). Thus, the uncontradicted evidence in this case is that, during the morning of November 11, 2007, Plaintiff posed an imminent threat of causing harm to himself and/or others.

The testimony is similarly uncontradicted that Dr. Martinez considered the options available to him, and ultimately ordered Geodon. Dr. Martinez has testified that he expected Nurse Pitts to carry out his order. Dr. Ortinau has testified that Nurse Pitts' administration of Geodon was reasonable under the circumstances. Nurse Pitts has confirmed that carrying out Dr. Martinez's order was appropriate. Most importantly, Plaintiff has not provided any expert testimony suggesting that Nurse Pitts should have questioned Dr. Martinez's order. The uncontradicted evidence before the jury in this case is that Dr. Martinez, as the Emergency Department physician making medical decisions in this case, bore the responsibility to determine the appropriate intervention.

The only evidence in this case establishes that, from a nursing perspective, Dr. Martinez's order authorized, and, in fact, compelled, Nurse Pitts to administer Geodon. In Illinois, battery is a specific intent offense. *People v. Hayes*, 37, Ill.App.3d 772, 774 (Ill. App. Ct. 1st Dist. 1976). Nurse Pitts did not intend to make unauthorized physical contact with Plaintiff, and Plaintiff has not elicited any evidence to the contrary. The evidence in this case affirmatively establishes that Nurse Pitts acted appropriately at all times. Plaintiff has not elicited any evidence that Nurse Pitts reliance on Dr. Martinez's order was improper. No reasonable jury could find that Nurse Pitts' intended to make unauthorized contact with Plaintiff, as she possessed an order from Dr. Martinez at the time of the medication administration. Plaintiff has been fully heard on this issue. Judgment as a Matter of Law must be entered in favor of Defendants.

## B.     The administration of Geodon did not cause any injury to Plaintiff.

The testimony in this case establishes that the administration of Geodon to Plaintiff on November 11, 2007, helped him. There is no evidence in this case that the administration of Geodon caused Plaintiff any injury of any kind. To the contrary, the unrebutted evidence is that Plaintiff was calm and cooperative following the administration of the medicine.

As a starting matter, during the evening of November 10, 2007, Plaintiff consented to an injection of Geodon, the medication was administered, and he suffered no negative effects. Plaintiff has provided no evidence as to what, if any, injury or damages he suffered when he received the same injection approximately 12 hours later.

Conversely, Defendants have offered significant evidence that the administration of Geodon on November 11, 2007, was part of treatment to address Plaintiff's bipolar disorder, and that the medical treatment that Plaintiff received was successful.

Dr. Martinez has testified that, prior to the administration of medication to Plaintiff on November 11, 2007, Plaintiff was in a manic, psychotic state, in which he posed an imminent threat to cause harm to himself or others. Defendants' experts, Dr. Ortinau and Dr. McCullough have testified and confirmed that Plaintiff was in the midst of a manic episode of bipolar disorder on November 11, 2007, and that Geodon was an appropriate antipsychotic medication for Dr. Martinez to have selected under the circumstances. Plaintiff's own expert, Dr. Junig, did not dispute this fact. The only person who has testified that Plaintiff was not in a dangerous manic state is Plaintiff himself. Plaintiff is not qualified to testify regarding his own medical condition, and Plaintiff's testimony is not sufficient to rebut the testimony of Dr. Martinez, as a matter of law. *Walker v. Shansky,* 28 F.3d 666, 672 (7th Cir. 1994). Thus, the uncontradicted evidence in this case is that, during the morning of November 11, 2007, Plaintiff was in the midst of a manic episode.

The evidence is similarly uncontradicted with respect to what occurred after Geodon was administered. Plaintiff calmed down and apologized. He was admitted to the psychiatric unit without further incident. During Plaintiff's stay in the psychiatric unit, Plaintiff's mental health stabilized. He was discharged and remained stable and medication compliant for an extended period of time thereafter.

In sum, Plaintiff has not presented any evidence that Plaintiff was injured as a result of the actions of Nurse Pitts in any way. Plaintiff has been fully heard on this issue. Injury is a required element of the state law claim of battery. There is not any legally sufficient evidence upon which a reasonable jury could find that Nurse Pitts' actions caused any injury to Plaintiff. Judgment as a Matter of Law must be entered in favor of Defendants.

II. Plaintiff consented to Nurse Pitts' administration of Geodon.

For over 150 years, the law in Illinois has been that the alleged victim's consent is a complete legal defense to an action for assault or battery. *Cadwall v. Farrell*, 28 Ill. 438 (1862). Coincidentally, the *Cadwall* case, decided by the Illinois Supreme Court in 1862, involved the administration of medication by a medical professional. In analyzing whether the conduct of the medical professional was a battery under Illinois law, the Court used the following analogy: "(i)f a dentist extracts a tooth for a person at his request, whether necessary or not, it is no wrong." *Cadwell v. Farrell*, 28 Ill. 438, 444 (Ill. 1862).

The element of consent is incorporated into the Illinois Pattern Jury Instruction, as only "unauthorized" physical contact can constitute a battery:

"In order to maintain a claim for civil battery against any Defendant under state law, Plaintiff has the burden of proving the following propositions:

First, that the Defendant had the intent to cause a harmful or offensive contact with Plaintiff;

5

Second, that the Defendant actually made unauthorized physical contact with Plaintiff that was harmful or offensive;

Third, that Plaintiff was injured; and

Fourth, that the actions of the Defendant caused the injury to Plaintiff."

- *720 ILCS 5/12-3(a); IPI 43.30.*

During the course of the trial at bar, the Court has heard testimony from Plaintiff and from Nurse Pitts. Nurse Pitts has testified that she administered Geodon pursuant to Dr. Martinez's order. Prior to administering Geodon, Nurse Pitts informed Plaintiff that she was going to administer him medication, and Plaintiff consented. Plaintiff's testimony confirmed the fact that when Nurse Pitts advised him that she was going to administer medication, he "believes" that he said "Okay. Okay." See *"Trial Testimony of Deane Pantaleo,"* attached hereto as <u>Exhibit C</u>, page 61. Thus, the only evidence in this case affirmatively establishes that Plaintiff consented to the administration of medication by Nurse Pitts. Judgment as a Matter of Law must be entered in favor of Defendants.

WHEREFORE Defendants Nurse Melissa Pitts and Adventist Hinsdale Hospital request that this Honorable Court enter Judgment as a Matter of Law in their favor and against Plaintiff on Count IV of Plaintiff's First Amended Complaint, and for such other relief as this Court deems just.

Respectfully submitted,


 /s/ Steven C. Steinback                        __/s/ Christopher S. Reeder_____
Steven Steinback                                    Christopher Reeder
Attorneys for Defendants
Nurse Melissa Pitts and Adventist Hinsdale Hospital



Steven C. Steinback
Christopher S. Reeder
BARKER & CASTRO, LLC
115 South LaSalle Street
Suite 2900
Chicago, IL  60603
(312) 855-9300