IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEAN PANTALEO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 08 CV 6419 |
| | ) | |
| OFFICER LOUIS HAYES, JR., individually and | ) | Judge Lefkow |
| in his official capacity as a police officer for the | ) | |
| Village of Hinsdale, OFFICER ANTHONY | ) | |
| MARAVIGLIA, individually and in his official | ) | |
| Capacity as a police officer for the Village of | ) | |
| Hinsdale, VILLAGE OF HINSDALE, a municipal | ) | |
| Corporation and ROBERT GRONER, SECURITY | ) | |
| GUARD SANCHEZ, NURSE PITTS, and DR. | ) | |
| MARTINEZ, individually and as employees of | ) | |
| ADVENTIST HINSDALE HOSPITAL and | ) | |
| ADVENTIST HINSDALE HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS NURSE MELISSA PITTS AND
ADVENTIST HINSDALE HOSPITAL'S
MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S
EXCESSIVE FORCE CLAIM**

NOW COME Defendants Nurse Melissa Pitts and Adventist Hinsdale Hospital, by and through their attorneys, Barker & Castro, LLC., and hereby move this Honorable Court to enter Judgment as a Matter of Law in their favor and against Plaintiff on Count II of Plaintiff's 1st Amended Complaint. In support thereof, Defendants state as follows:

**Background**

Plaintiff's First Amended Complaint is a five Count pleading which wages allegations against these Defendants and others. See *"Plaintiff's First Amended Complaint,"* attached hereto as <u>Exhibit A</u>. The allegations waged by Plaintiff are as follows:

Count I wages allegations against Defendants Officer Maravigilia, Officer Hayes, and the Village of Hinsdale for False Arrest, and is not applicable to these Defendants.

Count II wages allegations against all Defendants for Excessive Force pursuant to § 1983.

1

Count III wages allegations against Defendants Officer Maravigilia, Officer Hayes, and the Village of Hinsdale for Unlawful Prosecution, and is not applicable to these Defendants.

Count IV wages allegations against all Defendants for the state law torts of Assault and Battery. Plaintiff's First Amended Complaint alleges that Defendants are liable as they restrained Plaintiff and administered medications to Plaintiff against his will. See <u>Exhibit A</u>, Paragraph 72. Count IV was one of the subjects of Defendants' Motion for Summary Judgment. Defendants' Motion was granted in part, and denied in part. See *Document #292*. Specifically, Defendants' Motion was granted with respect to Plaintiff's claims that Defendants are liable to him for the state law torts of assault and battery as a result of the administration of four-point restraints. See *Document #292*, Page 40.

Count V wages allegations against all Defendants for Intentional Infliction of Emotional Distress. Count V was one of the subjects of Defendants' Motion for Summary Judgment. Defendants' Motion for Summary Judgment on Count V was granted by the Court on September 20, 2013. See *Document #292*, Page 40.

Thus, the allegations waged against these Defendants that are the subject of this trial are found in Counts II and IV, only, and Plaintiff's allegations are further limited based upon the Court's granting of Defendants' Motion for Summary Judgment, in part.

## **<u>Standards and Applicable Law</u>**

Federal Rule of Procedure 50 states:

"(a) Judgment as a Matter of Law.
   (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
      (A) resolve the issue against the party; and
      (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
   (2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment."
   *USCS Fed Rules Civ Proc R 50.*

Under Rule 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Fed. Rule Civ. Proc. 50(a)*; see also *Weisgram v. Marley Co.*, 528 U.S. 440, 120 S. Ct. 1011, 1018, 145 L. Ed. 2d 958 (2000) (slip op., at 5-7).

## **<u>Argument</u>**

To establish § 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and a private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participant[s] in joint activity with the State or it agents." *Hopkins v. City of Springfield*, 2014 U.S. Dist. LEXIS 90345, 15-16 (C.D. Ill. July 2, 2014), citing *Cooney v. Casady*, 735 F.3d 514, 518 (7th Cir. 2013). A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act or to commit a lawful act by unlawful means, the principle element of which is an agreement between the parties to inflict a wrong against or injury upon another. *Cooney v. Casady,* 735 F.3d 514, 519 (7th Dist. 2013); citing *Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir. 1975).

**A.      Nurse Pitts did not enter into a conspiracy with any state actor, as a matter of law.**

As stated in *Hopkins*, cited above, in order to prove a claim of conspiracy, Plaintiff is required to establish that a private actor reached an understanding with a state actor to deprive the plaintiff of a constitutional right. The minimum ingredient of a conspiracy is an agreement to commit some future unlawful act in pursuit of a joint objective. *Redwood v. Dobson*, 476 F.3d 462, 466 (7th Cir. Ill. 2007), citing *United States v. Lechuga*, 994 F.2d 346 (7th Cir. 1993) (en banc).

Officer Hayes, Officer Maravigilia, and Nurse Pitts have each testified. The uncontradicted testimony is that Nurse Pitts did not speak to either Officer Hayes or Officer Maravigilia at any time prior to or during the at-issue events.

Officer Hayes and Maravigilia spoke together, and by themselves, regarding potentially needing to use a taser if the situation became dangerous. The evidence is uncontradicted that Officer Hayes unilaterally made a decision to tase Plaintiff. There is no evidence that Nurse Pitts was ever involved in any discussion regarding tasing Plaintiff. There is no evidence that Nurse Pitts was aware of any potential that Plaintiff would be tased. There is no evidence that Nurse Pitts entered into any plan with Officer Hayes or Officer Maravigilia at any time.

The evidence is uncontradicted that Officer Hayes engaged Dr. Martinez in a conversation regarding Plaintiff's status in the hospital. There is no evidence that Nurse Pitts participated in this conversation. There is no evidence that Nurse Pitts played any part of developing any plan.

Plaintiff bears the burden of proving that Nurse Pitts reached an understanding with a state actor to deprive Plaintiff of a constitutional right. There is no evidence in this case that Nurse Pitts ever reached any understanding of any kind with any state actor. The evidence in this case affirmatively establishes that Nurse Pitts never spoke to any state actor. There is no legally sufficient evidentiary basis upon which any reasonable jury could determine that Nurse Pitts entered into any agreement with any state actor to commit any unlawful act. Judgment must be granted in favor of Nurse Pitts as a matter of law.

### B. Nurse Pitts did not have the required intent in order to be held liable under a theory of conspiracy.

As stated in *Cooney*, the principle element of a conspiracy is an agreement <u>to inflict a wrong or injury upon another</u>. There is no evidence in this case that Nurse Pitts had any intent to inflict any wrong upon Plaintiff.

> [Civil conspiracy is an intentional tort and it "requires proof that a defendant 'knowingly and voluntarily participate[d] in a common scheme to commit an unlawful act or a lawful act in an unlawful manner.'" *McClure*, 188 Ill. 2d at 133, 241 Ill. Dec. 787, 720 N.E.2d 242 (quoting *Adcock*, 164 Ill. 2d at 62, 206 Ill. Dec. 636, 645 N.E.2d 888). "[A] defendant who innocently performs an act which happens to fortuitously further the tortious purpose of another is not liable under the theory of civil conspiracy." *Adcock*, 164 Ill. 2d at 54 206 Ill. Dec. 636, 645 N.E.2d 888. "Accidental, inadvertent, or negligent participation in a common scheme does not amount to conspiracy[,]" nor does a defendant's "[m]ere knowledge of the fraudulent or illegal actions of another." McClure, 188 Ill. 2d at133-34, 241 Ill. Dec. 787, 720 N.E.2d 242 (citations omitted).]
> - *Wojcik v. InterArch, Inc.*, 2013 U.S. Dist. LEXIS 157853 (N.D. Ill. Nov. 4, 2013).

As *Wojcik* makes clear, the *mens rea* required for liability to be found under a claim of conspiracy is one of intent.

It is undisputed that Nurse Pitts was not even aware of the potential for Plaintiff to be tased. Thus, it is impossible for Nurse Pitts to have possessed the requisite intent to be liable for the tasing of Plaintiff.

It is Defendants' position that Dr. Martinez and Nurse Pitts are not state actors, and did not enter into any agreement with any state actor such that any of their respective actions constituted a conspiracy. Therefore, no Defendant may be held liable for any decision made regarding the administration of Geodon under a conspiracy theory. However, even assuming, arguendo, that the administration of Geodon forms a basis of Plaintiff's conspiracy claims, Plaintiff's claims fail as a matter of law.

The decision to administer medication against a Plaintiff's will is not inherently a "wrong" against a patient in an emergency situation. 405 ILCS 5/2-107. An agreement to do that which is legal is not a conspiracy. *Hudson v. S.D. Warren Co.*, 665 F. Supp. 937, 941 (D. Me. 1987). Therefore, if the administration of medication was appropriate, there can be no conspiracy. Plaintiff, of course, contends that the decision to medicate Plaintiff was not appropriate.

However, the law establishing the elements of conspiracy does not require that the administration of medication be appropriate. As quoted in *Wojcik* above, accidental, inadvertent, or negligent participation in a common scheme does not amount to conspiracy. There is no such thing as an accidental or negligent conspiracy.

It is undisputed that Dr. Martinez evaluated Plaintiff and determined that Plaintiff was an imminent risk of causing serious harm to himself and others. Dr. Martinez, in his role as an attending Emergency Department physician, unilaterally made the decision to order Geodon. Nurse Pitts, in her role as an Emergency Department nurse carried out Dr. Martinez's order.

Although there is no evidence of in this case to support such a finding, hypothetically, it would not be enough even for Dr. Martinez's decision to have been incorrect, as there is no such thing as an accidental or negligent conspiracy. Conspiracy must be intentional. In order for Defendants to be held liable under a theory of conspiracy, Plaintiff must prove that Defendants knew Dr. Martinez's decision to administer Geodon to Plaintiff was made with the intent to violate Plaintiff's constitutional rights.

Plaintiff's own expert, Dr. Junig, does not dispute that Plaintiff was in the midst of a manic episode, for which Geodon is an appropriate medication. Dr. Junig's criticisms of Dr. Martinez are based on claims that Dr. Martinez should have considered other options, prior to ordering Geodon. Most importantly, Plaintiff has not presented any evidence that Nurse Pitts reliance on Dr. Martinez was not reasonable. The only evidence in this case, elicited from Dr. Martinez, Dr. Ortinau, and Nurse Pitts, is that she appropriately carried out Dr. Martinez's order.

Plaintiff bears the burden of proving that Nurse Pitts intended to participate in a conspiracy to violate Plaintiff's civil rights. The evidence in this case affirmatively establishes that Nurse Pitts appropriately carried out Dr. Martinez's order. There is no legally sufficient evidentiary basis upon which any reasonable jury could determine that Nurse Pitts intended to embark on a conspiracy to violate Plaintiff's civil rights. Judgment must be granted in favor of Nurse Pitts as a matter of law.

## Conclusion

In sum, Plaintiff has failed to prove that: 1) Nurse Pitts reached any agreement with any state actor; and 2) Nurse Pitts intended to violate Plaintiff's constitutional rights. Plaintiff must prove each of these claims. No reasonable jury could determine that Plaintiff has proved any of the two specified elements. Judgment must be granted in favor of Nurse Pitts on Count II of Plaintiff's First Amended Complaint as a matter of law.

WHEREFORE Defendants Nurse Melissa Pitts and Adventist Hinsdale Hospital request that this Honorable Court enter Judgment as a Matter of Law in their favor and against Plaintiff on Count II of Plaintiff's First Amended Complaint, and for such other relief as this Court deems just.

Respectfully submitted,

| /s/ Steven C. Steinback | /s/ Christopher S. Reeder |
|---|---|
| Steven Steinback | Christopher Reeder |

Attorneys for Defendants
Nurse Melissa Pitts and Adventist Hinsdale Hospital


Steven C. Steinback
Christopher S. Reeder
BARKER & CASTRO, LLC
115 South LaSalle Street
Suite 2900
Chicago, IL  60603
(312) 855-9300